Scott S. Humphreys (SBN 298021)
humphreyss@ballardspahr.com
Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

J. Matthew Thornton (*pro hac vice*)
thorntonj@ballardspahr.com
**BALLARD SPAHR LLP**
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

Gregory P. Szewczyk (*pro hac vice*)
szewczykg@ballardspahr.com
Alexia C. Chapman (*pro hac vice*)
chapmana@ballardspahr.com
**BALLARD SPAHR LLP**
1225 Seventeenth Street, Suite 2300
Denver, CO 80202-5596
Telephone: 303.299.7354
Facsimile: 303.296.3956

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOURTNEY RUSOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKINSPIRIT ESSENTIAL LLC, INC.,<br><br>Defendant. | Case No. 3:24-cv-09317-CRB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>*[Proposed] Order Filed Herewith*<br><br><u>Hearing:</u><br>Date:     February 20, 2026<br>Time:     10:00 a.m.<br>Dept:     Courtroom 6, 17th Floor |

**TO THE HONORABLE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that on February 20, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Charles R. Breyer in Courtroom 6 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant SkinSpirit Essential LLC ("SkinSpirit") will and hereby does move to dismiss with prejudice Plaintiff Kourtney Rusow's claims under California Invasion of Privacy Act ("CIPA"), as asserted in the Second Amended Class Action Complaint ("SAC").

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state any claim under CIPA upon which relief can be granted.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and other matters on file in this action, and any further briefing, evidence presented or argument of counsel, and anything else the Court may properly consider.

## SUMMARY OF ARGUMENT

Plaintiff's SAC re-asserts her claim under Section 631(a) of CIPA and asserts a new claim against SkinSpirit under Section 632 of CIPA. These claims fail as a matter of law and should be dismissed with prejudice.

Both claims are time-barred because Plaintiff has again failed to plead facts showing she discovered the alleged violations within the applicable one-year statute of limitations, disregarding this Court's prior order to do so.

Plaintiff's newly asserted claim under CIPA Section 632 independently fails because the statute does not expressly recognize derivative aiding and abetting liability, the software at issue does not constitute a "device," and Plaintiff's communications were not made under circumstances that satisfy Section 632's "confidentiality" requirement, as interpreted by courts.

Finally, Plaintiff's re-asserted Section 631(a) claim also fails because Plaintiff has not alleged that any third party attempted to learn the contents of her communications "while in transit," a prerequisite for finding that SkinSpirit aided a violation of that section.

For these reasons, the Court should dismiss all of Plaintiff's CIPA claims with prejudice.

ii

### STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Civil Local Rule 7-4(a)(3), SkinSpirit sets forth the following statement of issues to be decided:

1.    Whether the Court should dismiss Plaintiff's CIPA claims as untimely;

2.    Whether the Court should dismiss Plaintiff's claim under Section 632 of CIPA because: (a) unlike other sections of CIPA, it does not expressly recognize derivative aiding and abetting liability; (b) the software at issue is not a "device"; and/or (c) Plaintiff's communications were not made under circumstances sufficient to qualify as "confidential" as interpreted by courts.

3.    Whether the Court should dismiss Plaintiff's claim under Section 631(a) of CIPA for failing to allege facts sufficient to establish that any third party attempted to learn or read the contents of her communications with the Website "while in transit."

DATED:  December 12, 2025

**BALLARD SPAHR LLP**

BY:    */s/ J. Matthew Thornton*
Scott S. Humphreys
Gregory P. Szewczyk
J. Matthew Thornton
Brianna R. Howard
Alexia C. Chapman

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 3

     A.     SkinSpirit and Its Website ............................................................................... 3

     B.     SkinSpirit Essential's Use of Google and LinkedIn Tools on Its Website ............ 4

     C.     Plaintiff's Use of the Website and Alleged Receipt of Targeted Ads.................... 5

ARGUMENT ............................................................................................................................. 5

I.     Plaintiff Has Failed to Satisfy Her Burden of Pleading That She Saw Targeted Ads
Within One Year of Filing Suit and, Thus, Her CIPA Claims Are Time-Barred. ............... 5

II.     Plaintiff's Newly Asserted Claim Under Section 632 of CIPA Independently Fails. ........ 7

     A.     Plaintiff Has Failed to Allege a Predicate Violation of Section 632 By
Either Google or LinkedIn. ................................................................................ 8

     B.     Section 632 Does Not Expressly Recognize a Derivative Aiding and
Abetting Claim. ............................................................................................... 10

III.     Plaintiff's Claim Under Section 631(a) Independently Fails Because She Has Not
Alleged that Google or LinkedIn Attempted to Read or Learn the Contents of Her
Communications "While in Transit." .................................................................................. 11

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 5

*Association of General Contractors of California, Inc. v. California State Council*
    *of Carpenters*,
    459 U.S. 519 (1983) ............................................................................................. 5

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................. 5

*Campbell v. Facebook Inc.*,
    77 F. Supp. 3d 836 (N.D. Cal. 2014) ................................................................. 9

*Cody v. Boscov's LLC*,
    No. 8:22-cv-01434, 2024 WL 2228973 (C.D. Cal. May 6, 2024) ...................... 13

*Cody v. Lacoste USA, Inc.*,
    No. 8:23-cv-00235, 2024 WL 3761288 (C.D. Cal. July 30, 2024) ...................... 13

*Doe v. Eating Recovery Center LLC*,
    -- F. Supp. 3d --, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) ...................... 3, 12

*Doe v. Microsoft Corp.*,
    No. 2:23-cv-00718, 2023 WL 8780879 (W.D. Wash. Dec. 19, 2023) ................ 3, 8

*Flanagan v. Flanagan*,
    27 Cal. 4th 766 (2002) ................................................................................. 8, 9, 10

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) ....................................................................................... 6

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) ..................................................... 11, 12, 13

*Heiting v. Taro Pharmaceuticals*,
    728 F. Supp. 3d 1112 (C.D. Cal. 2024) ............................................................. 12

*Jameson Beach Property Owners Association v. United States*,
    No. 2:13-cv-01025, 2014 WL 4925253 (E.D. Cal. Sept. 29, 2014) ...................... 11

*Javier v. Assurance IQ, LLC*,
    649 F. Supp. 3d 891 (N.D. Cal. 2023) ............................................................... 5, 6

*Mendell v. American Medical Response, Inc.*,
 No. 3:19-cv-01227, 2021 WL 1102423 (S.D. Cal. Mar. 23, 2021) ........................................ 9

*People v. Johnson*,
 99 Cal. App. 2d 717 (1950) ........................................................................................................ 11

*People v. Nakai*,
 183 Cal. App. 4th 499 (2010) ................................................................................................. 9, 10

*Revitch v. New Moosejaw, LLC*,
 No. 3:18-cv-06827, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ........................................ 9

*Rodriguez v. ByteDance, Inc.*,
 No. 1:23-cv-04593, 2025 WL 672951 (N.D. Ill. Mar. 3, 2025)............................................... 8

*Rodriguez v. Google LLC*,
 No. 3:20-cv-04688, 2021 WL 2026726 (N.D. Cal. May 21, 2021) ........................................ 9

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
 No. 2:24-cv-06525, 2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) ........................................ 6

*Smith v. YETI Coolers, LLC*,
 754 F. Supp. 3d 933 (N.D. Cal. 2024) ...................................................................... 10, 11, 12

*Swarts v. Home Depot, Inc.*,
 689 F. Supp. 3d 732 (N.D. Cal. 2023) ..................................................................................... 12

*Thomasson v. GC Services Limited Partnership*,
 321 F. App'x 557 (9th Cir. 2008)............................................................................................... 7

*Torres v. Prudential Financial, Inc.*,
 No. 3:22-cv-07465, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .................................. 3, 12

*Turner v. Nuance Communications, Inc.*,
 735 F. Supp. 3d 1169 (N.D. Cal. 2024) .................................................................................... 7

*Valenzuela v. Super Bright LEDs Inc.*,
 No. 5:23-cv-01148, 2023 WL 8424472 (C.D. Cal. Nov. 27, 2023)................................. 12, 13

*Warden v. Kahn*,
 99 Cal. App. 3d 805 (1979) ........................................................................................................ 11

**Statutes**

CALIFORNIA CIVIL PROCEDURE CODE § 340 ...................................................................... 5

CALIFORNIA PENAL CODE § 31.......................................................................................... 10, 11

CALIFORNIA PENAL CODE § 631(a) ................................................. 1, 3, 5, 10, 11, 12, 13

CALIFORNIA PENAL CODE § 632 ........................................................................ 2, 3, 5, 7, 8, 9, 10, 11

MOTION TO DISMISS PLAINTIFF'S                          Case No.  3:24-cv-09317-CRB
SECOND AMENDED CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

This lawsuit arises from Defendant SkinSpirit Essential LLC's ("SkinSpirit") alleged integration on www.skinspirit.com (the "Website") of widely used analytical and advertising tools provided by LinkedIn and Google. According to Plaintiff, SkinSpirit's use of these tools enabled LinkedIn and Google to collect and use "click event" data related to her use of the Website's online appointment booking feature to serve her targeted advertisements related to cosmetic procedures.

Plaintiff initially sued SkinSpirit for violations of the Electronic Communications Privacy Act ("ECPA"), the California Confidentiality of Medical Information Act ("CMIA"), the California Invasion of Privacy Act ("CIPA"), and the California Constitution. *See* Compl. (ECF No. 1). Shortly after SkinSpirit moved for dismissal, however, Rusow filed an amended complaint adding a new plaintiff, T.S., a new claim under Washington's My Health My Data Act ("MHMDA"), and two new defendants, SkinSpirit Holdings LLC ("SkinSpirit Holdings") and Dean Vistnes M.D., Inc. (the "Vistnes Entity"). *See* First Am. Compl. ("FAC"), ECF No. 14.

SkinSpirit filed another motion to dismiss, and the Court granted it in large part. *See* Oct. 15, 2025 Order, ECF No. 44 ("Order"). It dismissed SkinSpirit Holdings from the lawsuit for lack of personal jurisdiction and the Vistnes Entity based on Plaintiff's impermissible use of group pleading. *Id.* at 7–11. The Court also dismissed Plaintiff's CMIA, ECPA, CIPA, and MHDMA claims, while allowing her invasion of privacy claim. *Id.* at 5 n.3, 6–7, 20–25. Although some of Plaintiff's claims were dismissed without leave to amend, the Court specifically authorized Plaintiff to amend her claim under Section 631(a) of CIPA, because, despite failing to timely bring that claim or otherwise allege facts sufficient to invoke the delayed discovery doctrine, the Court found it conceivable that Plaintiff could cure. *Id.* at 3, 12–13. The Court made clear that, to do so, Plaintiff "must allege that she first saw [the targeted] ads" purportedly emanating from SkinSpirit's use of tracking tools on its Website "within one year of her complaint[.]" *Id.* at 13 n.7.

Shortly after the Court entered its Order, Plaintiff filed a second amended complaint. ECF No. 45 (the "SAC"). In it, Plaintiff withdrew all but two of the claims the Court dismissed and

scrapped allegations concerning SkinSpirit's purported violation of HIPAA. Additionally, although not authorized by the Court's Order granting her leave to make curative amendments, Plaintiff added new allegations concerning the California Consumer Privacy Act ("CCPA")—though with no corresponding cause of action—and asserted a new claim against SkinSpirit for "aiding" Google's and LinkedIn's alleged violation of Section 632 of CIPA.

Critically, Plaintiff did not add any allegations concerning when, after using the Website, she first saw targeted advertisements. Instead, as support for applying the delayed discovery doctrine to toll the statute of limitations applicable to her CIPA claims, Plaintiff doubled down on allegations that she lacked the technical expertise to discover SkinSpirit's alleged CIPA violation—the same allegations this Court already held were insufficient to toll the statute of limitations. *See* SAC ¶¶ 8–9; *see also* Order at 12–13.

Even accepting the SAC's allegations as true, Plaintiff's CIPA claims—both old and new—fail as a matter of law.[1] To start, CIPA is subject to a one-year statute of limitations. Plaintiff filed her lawsuit more than one year and seven months after SkinSpirit purportedly violated CIPA and, thus, her claims are time barred unless she has satisfied her "burden of alleging timely delayed discovery[.]" Order at 13 n.7. The Court made clear in its Order what exactly that would require: Allegations specifying when, after visiting the Website, Plaintiff first saw targeted advertisements. *Id.* Plaintiff chose not to provide that information—a tacit admission that she first saw ads more than a year before she filed suit. Accordingly, both of Plaintiff's CIPA claims are time-barred and should be dismissed.

In addition to being untimely, Plaintiff's claim under Section 632 of CIPA fails because the SAC does not plausibly allege that SkinSpirit "aided" Google's or LinkedIn's use of "electronic amplifying or recording devices" to record her "confidential" communications.

First, unlike other sections of CIPA, Section 632 does not expressly recognize a derivative aiding and abetting claim, and even if the Court were to recognize one, Plaintiff has not alleged facts

---

[1] For the avoidance of doubt, SkinSpirit's motion does not seek dismissal of Plaintiff's invasion of privacy claim.

MOTION TO DISMISS PLAINTIFF'S                    Case No.  3:24-cv-09317-CRB
SECOND AMENDED CLASS ACTION COMPLAINT

sufficient to establish that SkinSpirit acted with the requisite knowledge of a crime or with the purpose of substantially aiding in its commission.

Second, Plaintiff has not alleged that the tracking tools on the Website qualify as an "electronic amplifying or recording device." To the contrary, Plaintiff admits in the SAC that the Website's tracking tools are a form of software, *see* SAC ¶¶ 34, 46, 63, and "software does not constitute a 'device'" as used in Section 632. *See Doe v. Microsoft Corp.*, No. 2:23-cv-00718, 2023 WL 8780879, at *8 (W.D. Wash. Dec. 19, 2023).

And lastly, Plaintiff has not alleged facts sufficient to establish that the circumstances of her visit to the Website rendered her communications "confidential," as that term has been interpreted by the California Supreme Court and numerous California appellate courts.

Plaintiff's Section 631(a) claim is also deficient. As recently held by Judge Chhabria in *Doe v. Eating Recovery Center LLC*, to state a viable "aiding and abetting" claim under Section 631(a), a plaintiff in an Internet tracking case must establish, at a minimum, that a third party (here, either Google or LinkedIn) committed a predicate violation of Section 631(a) by "do[ing] something more than just intercept[ing] the contents of the communication" or "redirect[ing]" the contents to themselves "during the virtually infinitesimal amount of time it takes for the communication to travel from the website visitor to the website operator." – F. Supp. 3d --, 2025 WL 2971090, at *5 (N.D. Cal. Oct. 17, 2025) (citing *Torres v. Prudential Fin., Inc.*, No. 3:22-cv-07465, 2025 WL 1135088, at *7 (N.D. Cal. Apr. 17, 2025)). Here, Plaintiff's allegations fail to plausibly establish that Google or LinkedIn did anything more than merely intercept her communications while in transit and, thus, she cannot state a viable claim against SkinSpirit under Section 631(a).

For these reasons, SkinSpirit respectfully requests that the Court dismiss Plaintiff's CIPA claims with prejudice.

### STATEMENT OF FACTS[2]

*A.      SkinSpirit and Its Website*

SkinSpirit owns, controls, and operates the Website. SAC ¶¶ 1, 12. The Website offers

---

[2] For purposes of this motion only, SkinSpirit accepts as true (1) all non-conclusory factual

3

visitors the option of clicking and choosing from a series of predefined options to "schedule both virtual and in-person consultations" for "cosmetic" services, including "injectables, laser treatments, body contouring, and laser hair removal procedures." *Id.* ¶¶ 1–2, 12.

B.    _SkinSpirit's Use of Google and LinkedIn Tools on Its Website_

Google and LinkedIn are both leading players in the advertising and marketing industry. *See* SAC ¶¶ 26, 32, 52, 58. They both publicly offer a "simple" piece of code that businesses can add to their websites to get access to certain widely-adopted business tools, like Google Analytics and the LinkedIn Insight Tag, which are capable of, among other things, analyzing a website's traffic, uncovering insights, and optimizing performance. *See id.* ¶¶ 33–39, 59–61, 63–65.

Google and LinkedIn also provide products and services directly to consumers. *See id.* ¶¶ 6–7, 39, 41. Plaintiff has, at all relevant times, been a Google and LinkedIn accountholder. *Id.* ¶¶ 6–7. In the process of creating her accounts, Plaintiff provided Google and LinkedIn information about herself, including her full legal name, date of birth, and gender. *Id.* Additionally, each time Plaintiff accessed her Google account, Google collected information related to her devices' IP addresses and other electronic device information and stored it in "a profile maintained by Google for targeted advertising purposes." *Id.* ¶ 6. LinkedIn captured similar device information by placing a cookie on Plaintiff's web browser when she logged into her LinkedIn account. *Id.* ¶¶ 35–39.

As Plaintiff was able to ascertain using publicly-available developer tools, *see* FAC ¶¶ 78–83, Figs. 2–6, SkinSpirit used Google Analytics and the LinkedIn Insight Tag on its Website at the time Plaintiff booked her consultation. *See id.* ¶¶ 7, 51. Plaintiff alleges that, as a result of SkinSpirit using these tools, Google and LinkedIn were able to collect information about her interactions with the Website for advertising purposes. *See id.* ¶¶ 37, 39, 54, 66. Specifically, Plaintiff alleges that LinkedIn and Google collected the following "click events": (1) the state in which a user would like to receive services; (2) the type of procedure in which the user would be interested; (3) the specific procedure the user would want to have completed; (4) the provider the user would wish to see; and (5) the user's desired date and time for an appointment (collectively, "Booking Data"). *See id.* ¶¶ 84,

---

allegations in the SAC, and (2) this Court's prior recitation of those facts, *see* Order at 2–4.

MOTION TO DISMISS PLAINTIFF'S                          Case No.  3:24-cv-09317-CRB
SECOND AMENDED CLASS ACTION COMPLAINT

86.

Plaintiff does *not* allege that SkinSpirit's use of Google Analytics or LinkedIn's Insight Tag enabled either of those companies to intercept her name, age, address, telephone number, social security number, insurance details, or any other information from the Website that might itself be used to correlate the Booking Data with Plaintiff. Rather, Plaintiff alleges that Google and LinkedIn were able to use information they independently collected about Plaintiff to "make a probabilistic match" of her identity using "browser-fingerprints." *See id.* ¶¶ 38–39, 67–71, 91.

### C.    *Plaintiff's Use of the Website and Alleged Receipt of Targeted Ads*

Plaintiff visited the Website on May 12, 2023, to book a consultation for SkinSpirit's cosmetic services. *Id.* ¶ 7. At some—still unspecified—time after visiting the Website, Plaintiff claims she "received advertisements marketing various cosmetic medical procedures, specifically targeted at Plaintiff [] as a result of [SkinSpirit]'s disclosure of her medical booking information to LinkedIn and Google." *Id.* She filed this lawsuit on December 20, 2024, more than one year and seven months after SkinSpirit allegedly disclosed the Booking Data to LinkedIn and Google. *See* Compl., ECF No. 1.

### ARGUMENT

To survive a motion to dismiss, a plaintiff must plead facts from which a court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678; *see also Ass'n of Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (holding it is improper to assume plaintiff "can prove facts that it has not alleged" or that laws were violated in ways not alleged).

**I.    Plaintiff Has Failed to Satisfy Her Burden of Pleading That She Saw Targeted Advertisements Within One Year of Filing Suit and, Thus, Her CIPA Claims Are Time-Barred.**

Plaintiff asserts claims under Sections 631(a) and 632 of CIPA. Both are subject to a one-year statute of limitations. *See* Order at 12 (citing *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 901 (N.D. Cal. 2023)); *see also* Cal. Civ. Proc. Code § 340.

5

Plaintiff alleges she visited the Website on May 12, 2023. SAC ¶ 7. She initiated this lawsuit on December 20, 2024—more than one year and seven months after visiting the Website. *See* Compl., ECF No. 1. Thus, Plaintiff's CIPA claims are, on the face of the SAC, untimely. *See* Order at 12 (holding that Plaintiff filed her CIPA claim "outside her one-year window").

Plaintiff seeks to invoke California's delayed discovery doctrine to revive her untimely CIPA claims. "For the delayed discovery rule to save her otherwise untimely claim[s], [Plaintiff] must plead facts showing "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Order at 12 (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). "Under this rule, [Plaintiff]'s accrual of her CIPA claim is delayed until she had inquiry notice of the cause of action." Order at 12 (citing *Fox*, 35 Cal. 4th at 807). Plaintiff "surely had inquiry notice when she began seeing ads[.]" Order at 13 (quoting *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 2:24-cv-06525-WLH-E, 2025 WL 1141168, at *10 (C.D. Cal. Feb. 27, 2025) (internal quotations omitted). Thus, as this Court previously made clear, Plaintiff "must allege that she first saw these ads within one year of her complaint to survive dismissal." Order at 13 n.7 (citing *Javier*, 649 F. Supp. 3d at 901).

Despite receiving this guidance from the Court, Plaintiff still chose not to allege in her SAC when she first saw targeted ads, let alone that she saw them within one year of filing her complaint—presumably because she saw the ads shortly after visiting the Website and far more than a year before filing suit.

Instead, Plaintiff merely repeated the same boilerplate tolling allegations this Court already rejected as grounds for applying the delayed discovery doctrine. *See* SAC ¶¶ 8–9; Order at 12–13. The thrust of Plaintiff's allegations is that she lacked the technical knowledge to ascertain the exact source of the targeted advertisements she saw. *See* SAC ¶¶ 8–9. However, even if true, Plaintiff did not need to inspect and verify the Website's code to be put on inquiry notice of a potential violation. Her theory of the case is that she believed the information she provided to the Website would be kept between her and the Website and not revealed to anyone else, and that sometime after visiting the Website, she saw advertisements "related to cosmetic medical procedures" indicating that the

MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED CLASS ACTION COMPLAINT

Case No.  3:24-cv-09317-CRB

information she provided to the Website was not kept private. If those communications were truly private, as Plaintiff contends, she would have (or, at the very least, should have) known upon seeing targeted advertisements reflecting such information that it could have only come from one source—SkinSpirit. She might not have known the technical means by which the advertisers obtained her information, but that level of detail about a potential claim is not required for the statute of limitations to begin to run. *See* Order at 12–13.

Because Plaintiff has failed to allege facts sufficient to establish that "she first saw [the targeted] ads within one year of her complaint," her CIPA claims should be dismissed with prejudice. Order at 13 n.7.

## II.     Plaintiff's Newly Asserted Claim Under Section 632 of CIPA Independently Fails.

Section 632 makes it unlawful to "intentionally and without the consent of all parties to a confidential communication, use[ ] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication." Cal. Penal Code § 632(a).

Here, Plaintiff concedes—as she must—that SkinSpirit did not directly violate Section 632. *See* SAC ¶ 155 (alleging that "the Third Parties [Google and LinkedIn] eavesdropped and/or recorded confidential communications through an electronic amplifying or recording device in violation of § 632 of CIPA"); *see also Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1181–82 (N.D. Cal. 2024) ("[A] party cannot 'eavesdrop' on their own conversation under the first prong of section 632. Only a third party can do that." (citing *Thomasson v. GC Servs. Ltd. P'ship*, 321 F. App'x 557, 559 (9th Cir. 2008)). Rather, Plaintiff alleges that SkinSpirit should be "liable for **aiding** violations of Section 632 by LinkedIn and Google." SAC ¶ 158 (emphasis added).

Plaintiff's claim fails because: (A) neither Google nor LinkedIn used an "electronic amplifying or recording device" to eavesdrop on or record her "confidential" communications, as courts have interpreted those terms; and (B) Section 632 does not expressly recognize a derivative claim for aiding and abetting and, even if it did, Plaintiff does not allege that SkinSpirit acted with the requisite knowledge or intent to be held liable under such a theory.

7

A.    _Plaintiff Has Failed to Allege a Predicate Violation of Section 632 By Either Google or LinkedIn._

To state an aiding and abetting claim against SkinSpirit, Plaintiff must allege facts sufficient to plausibly establish, at a minimum, that Google and LinkedIn violated Section 632 by (1) using "an electronic amplifying or recording device" (2) to eavesdrop upon or record Plaintiff's "confidential communications" with the Website. Plaintiff has failed to allege facts sufficient to satisfy either element.

With regard to the first element, Plaintiff merely recites the language from the statute, alleging that "[t]he Tracking Technologies from Third Parties, are all electronic amplifying or recording devices for purposes of § 632," without any allegations establishing how the technologies actually amplify or record. _See_ SAC ¶ 154. Indeed, not only is Plaintiff's conclusory assertion unsupported, it is contradicted by her own allegations, which characterize the tracking technologies as "software" that instruct a user's browser to send preset "data transmissions to third parties in the form of HTTP Requests quietly executed in the background." _See_ SAC ¶¶ 34, 46, 51, 63. As held in _Microsoft Corp._, "software does not constitute a 'device' under the CIPA," and thus "Plaintiff's § 632 claim against [Google and LinkedIn] is deficient." 2023 WL 8780879, at *8; _see also Rodriguez v. ByteDance, Inc._, No. 1:23-cv-04953, 2025 WL 672951, at *8 (N.D. Ill. Mar. 3, 2025) (dismissing Section 632 claim because plaintiff's "conclusory allegations of 'eavesdropping' and 'recording' [] lack[ed] sufficient detail").

As related to the second element of Plaintiff's claim, Section 632 defines "confidential communication" as "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto," but excludes communications made in "any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632. As interpreted by the California Supreme Court, a conversation is "confidential" under Section 632 "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." _Flanagan v. Flanagan_, 27 Cal. 4th 766, 774 (2002). Courts consider

8

numerous factors when assessing whether a party's expectation of confidentiality was objectively reasonable, including who initiated the communication, "the length of the customer-business relationship, the customer's prior experiences with business communications, and the nature and timing of any recorded disclosures." *Mendell v. Am. Med. Response, Inc.*, No. 3:19-cv-01227, 2021 WL 1102423, at *4–5 (S.D. Cal. Mar. 23, 2021).

Internet-based communications are presumptively not "confidential" within the meaning of Section 632, "because such communications can easily be shared by, for instance, the recipient(s) of the communications." *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848–49 (N.D. Cal. 2014) (citing *People v. Nakai,* 183 Cal. App. 4th 499, 518 (2010)); *Revitch v. New Moosejaw, LLC*, No. 3:18-cv-06827, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) ("[I]n California, courts have developed a presumption that Internet communications do not reasonably give rise to that expectation."). Thus, in cases involving Internet communications, such as this one, a plaintiff "must plead unique, definite circumstances" to rebut California's presumption against online confidentiality." *Rodriguez v. Google LLC*, No. 3:20-cv-04688, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021).

Here, Plaintiff alleges that her communications with the Website were confidential because she "did not expect third parties, and specifically LinkedIn and Google, to secretly eavesdrop upon or record this information and their communications" based on "Defendant's consistent representations that these communications would remain confidential." *See* SAC ¶ 153. These bare-bones allegations are not enough to satisfy Section 632's confidentiality requirement.

To start, Plaintiff's own subjective expectation of confidentiality is irrelevant for purposes of determining whether the communications at issue were confidential as defined by Section 632. *See Flanagan*, 27 Cal. 4th at 774. Rather, Plaintiff must allege facts sufficient to establish that at the time of her visit to the Website, she had an objectively reasonable expectation of confidentiality.

Applying the relevant factors here—which starts with the presumption that Internet communications are not confidential given the ease with which they can be shared—Plaintiff has failed to overcome that presumption. Plaintiff chose to initiate contact with SkinSpirit to book an

9

appointment, presumably because it was more convenient than calling or booking in-person. Plaintiff does not suggest that, by the time she visited the Website, she had already established a long-standing relationship with SkinSpirit or that she had prior experiences (if any) with SkinSpirit during which it assured her that her communications would be kept confidential. Although Plaintiff vaguely alleges that SkinSpirit made "consistent representations that [her] communications would remain confidential," *see* SAC ¶ 154, she provides no information about the nature, timing, or source of those purported "representations." Nor does she allege anything else compelling about the circumstances of her Website visit that would be sufficient to swing the analysis of applicable factors in her favor.

Plaintiff's best argument is that this Court previously held that she had adequately alleged a reasonable expectation of privacy in her "medical information." Order at 23. However, the definition of "confidential" under Section 632 focuses not on the topic of the communications (here, alleged medical information) but rather on the "circumstances" in which the communications were made. *See Flanagan*, 27 Cal. 4th at 769 (holding that the statute "prohibit[s] unconsented-to eavesdropping or recording of conversations regardless of whether the party expects that the ***content of the conversation*** may later be conveyed to a third party" (emphasis in original)); *see also Nakai,* 183 Cal. App. 4th at 518. Because Plaintiff has not alleged facts sufficient to establish that the circumstances of her visit to the Website overcome the general presumption that Internet communications are not confidential, her Section 632 claim fails.

> **B.**    <u>Section 632 Does Not Expressly Recognize a Derivative Aiding and Abetting Claim.</u>

Even if Plaintiff ***could*** allege facts sufficient to establish that Google or LinkedIn violated Section 632, her claim against SkinSpirit would still fail, because "[u]nlike the fourth clause of California Penal Code § 631(a), the text of Penal Code § 632 does not expressly provide for derivative liability." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943–44 (N.D. Cal. 2024). Rather, to state a plausible aiding and abetting claim, Plaintiff would need to bring a claim under California Penal Code § 31, which states that "[a]ll persons concerned in the commission of a crime ... or [who] aid and abet in its commission ... are principals in any crime so committed."

1    Here, Plaintiff does not bring her aiding and abetting claim pursuant to Section 31, and for

2    good reason: Section 31 gives rise to derivative liability only if it can be proved that the principal

3    actor committed *a crime* and requires proof beyond a reasonable doubt, unlike the standard

4    applicable to civil claims. *People v. Johnson*, 99 Cal. App. 2d 717, 732 (1950) (holding that a jury

5    must find "beyond a reasonable doubt, that defendant, either actively and personally committed the

6    offense charged or aided and abetted any other person or persons to commit that offense").

7    Even in instances where courts have entertained extending Section 31 to a CIPA claim, they

8    have made clear that the plaintiff must allege facts sufficient to establish that the defendant not only

9    had "knowledge of the other's conduct" but also "provided substantial assistance." *YETI*, 754 F.

10   Supp. 3d at 943–44 (dismissing Section 632 for failing to allege facts sufficient to support aiding

11   and abetting liability). Here, Plaintiff alleges merely that "Defendant is liable for aiding violations of

12   Section 632 by LinkedIn and Google." SAC ¶ 159. This conclusory allegation falls short of what is

13   required and, thus, Plaintiff's Section 632 claim should be dismissed.[3]

14   ### III.    Plaintiff's Claim Under Section 631(a) Independently Fails Because She Has Not
15         Alleged that Google or LinkedIn Attempted to Read or Learn the Contents of Her
         Communications "While in Transit."

16   Section 631(a) is a criminal provision designed to punish persons who: (1) intentionally

17   wiretap a device; (2) willfully read the "contents or meaning" of a communication in transit over a

18   wire without all parties' consent; (3) attempt to use or communicate information obtained as a result

19   of engaging in either of the previous two activities; or (4) aid in one of those three actions. Cal. Penal

20   Code § 631(a); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021). The first three

21   clauses apply "only to eavesdropping by a third party and not to recording by a participant to a

22   conversation." *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979). Because it is undisputed, here,

23

24   ---
     [3] In addition to being substantively deficient, Plaintiff's Section 632 claim is also procedurally
25   improper. In its Order, the Court authorized Plaintiff to make curative amendments to the claims
     it dismissed without prejudice, not to add an entirely new claim. To add causes of action, Plaintiff
26   would have needed to seek leave, which she failed to do. *See, e.g.*, *Jameson Beach Prop. Owners
     Ass'n v. United States*, No. 2:13-cv-01025, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014)
27   ("[W]here a prior court order granted limited leave to amend, District Courts in this circuit
     generally strike new claims or parties contained in an amended complaint when the plaintiff did
28   not seek leave to amend." (listing cases)).

MOTION TO DISMISS PLAINTIFF'S                    Case No.  3:24-cv-09317-CRB
SECOND AMENDED CLASS ACTION COMPLAINT

that SkinSpirit was a party to Plaintiff's communications with the Website, *see* SAC ¶¶ 7, 12, Plaintiff can only state a viable CIPA claim if she alleges facts sufficient to establish that SkinSpirit aided, abetted, or conspired with a third party to violate the statute. *See* Cal. Penal Code § 631(a); *YETI Coolers*, 754 F. Supp. 3d at 940; *Graham*, 533 F. Supp. 3d at 831.

To state a claim under Section 631(a)'s aiding and abetting provision, Plaintiff must, at a minimum, allege facts sufficient to establish that a third party (here, Google or LinkedIn) committed a predicate violation of one of Section 631(a)'s first three clauses.

Section 631(a)'s first clause is not applicable to the facts alleged in the SAC. Courts have "uniformly interpreted" it to apply "only to communications transmitted over telephones and not those transmitted over the internet." *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023) (collecting cases); *see also Valenzuela v. Super Bright LEDs Inc.*, No. 5:23-cv-01148, 2023 WL 8424472, at *3 (C.D. Cal. Nov. 27, 2023).

To state a claim under Section 631(a)'s second clause, Plaintiff would need to allege facts sufficient to establish that Google and LinkedIn willfully read, or attempted to read or learn, the contents or meaning of any message, report, or communication, "while the same is in transit," "passing over any wire, line, or cable," or "being sent from, or received at any place within [California]." Cal. Penal Code § 631(a); *Heiting v. Taro Pharms.*, 728 F. Supp. 3d 1112, 1124 (C.D. Cal. 2024) (emphasizing second clause's "in transit" requirement).

As Judge Chhabria recently held in *Eating Recovery Center LLC*, satisfying the in-transit element requires the third party to "do something more than just intercept the communication." 2025 WL 2971090, at *5–6. Rather, the allegations must establish that the third party made "some effort at understanding the substantive meaning of the message, report, or communication" while in transit or while passing over a wire or being sent from or received in California. *Torres*, 2025 WL 1135088, at *5.

In this case, Plaintiff has not plausibly alleged that Google or LinkedIn made any effort to read or learn the substantive meaning of the "click event" data generated by Plaintiff's use of the Website while that data was in transit (aside from merely intercepting it, which alone is not

enough). To the contrary, Plaintiff alleges that only Google and LinkedIn first intercept the data **and then** send it for processing. *See, e.g.*, SAC ¶ 63 ("Once Google's software code collects the data intercepted from the Website, it packages the information and sends it to Google Analytics for processing."); *id.* ¶ 64 ("After the data has been processed and stored in the database, Google uses this data to generate reports to help analyze the data from the webpages."). These allegations are not sufficient to state a plausible violation of Section 631(a)'s second clause because they fail to satisfy the clause's contemporaneity requirement.

Nor are Plaintiff's allegations sufficient to establish a violation of Section 631(a)'s third clause, which is predicated on establishing a violation of the first or second clauses. *Super Bright LEDs*, 2023 WL 8424472 at *11.

Because Plaintiff has not plausibly alleged that Google or LinkedIn violated any of Section 631(a)'s first three clauses, there is no predicate violation that SkinSpirit could have plausibly aided and, thus, Plaintiff's Section 631(a) claim fails. *See Graham* 533 F. Supp. 3d at 833 (holding the defendant not liable for aiding and abetting the third party advertiser's wrongdoing "because there [was] no wrongdoing."); *Cody v. Boscov's LLC*, No. 8:22-cv-01434, 2024 WL 2228973, at *2 (C.D. Cal. May 6, 2024) ("In order to sustain [an aiding and abetting] claim, Plaintiff must adequately plead that [the third party] itself engaged in conduct falling under one of the first three prongs of the statute."); *Cody v. Lacoste USA, Inc.*, No. 8:23-cv-00235, 2024 WL 3761288, at *2 (C.D. Cal. July 30, 2024) (same).

## <u>CONCLUSION</u>

Plaintiff has had numerous opportunities to amend her complaint and, for the reasons set forth above, any further attempt will prove futile. Accordingly, SkinSpirit respectfully requests that the Court dismiss Plaintiff's CIPA claims with prejudice.

1  DATED:  December 12, 2025                    Respectfully submitted,

2                                                **BALLARD SPAHR LLP**

3                                                BY:   */s/ J. Matthew Thornton*
                                                      Scott S. Humphreys
4                                                     Gregory P. Szewczyk
                                                      J. Matthew Thornton
5                                                     Brianna R. Howard
                                                      Alexia C. Chapman
6
7                                                *Attorneys for Defendants*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PLAINTIFF'S                          Case No.  3:24-cv-09317-CRB
SECOND AMENDED CLASS ACTION COMPLAINT