IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOURTNEY RUSOW, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SKINSPIRIT ESSENTIAL LLC, et al.,<br><br>  Defendants. | Case No. 24-cv-09317-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART SECOND AMENDED COMPLAINT** |

Plaintiffs Kourtney Rusow sued SkinSpirit Essential LLC, a skincare company offering online appointments for dermatological consultations and procedures, arguing that SkinSpirit allowed tracking software by Google and LinkedIn to lift her information from its website for third-party advertising. See Am. Compl. (dkt. 14). "As a consequence of these interceptions, [Rusow] has received advertisements marketing various cosmetic medical procedures, specifically targeted at [Rusow] as a result of [SkinSpirit's] disclosure of her medical booking information to LinkedIn and Google." Id. ¶ 7. Rusow alleged that "Due to the surreptitious nature of the interceptions at issue, [she] did not realize that Defendants disclosed her PII and PHI to LinkedIn and Google until November 2024." Id.

The Court previously granted in part and denied in part Defendants' motions to dismiss, dismissing Rusow's CIPA claim, brought pursuant to California Penal Code section 631, as untimely, but allowing her to amend if she could plausibly invoke the delayed discovery rule. See Order on MTD (dkt. 44) at 12–13. The Court observed that CIPA claims are subject to a one-year statute of limitations, that Rusow visited SkinSpirit's website on May 12, 2023, and that she sued Defendants on December 20,

2024, "outside her one-year window." Id. at 12. The Court explained that for Rusow's CIPA claim to be timely, she needed to invoke the delayed discovery rule, but because she "'surely had inquiry notice when she began seeing ads,'" but "does not allege when she first saw the targeted advertisements," her allegations were insufficient. Id. at 13 (quoting Saedi v. SPD Swiss Precision Diagnostics GmbH, No. 2:24-cv-06525-WLH-E, 2025 WL 1141168, at *10 (C.D. Cal. Feb. 27, 2025)).[1] To get the benefit of the delayed discovery rule, the Court held that Rusow "must allege that she first saw these ads within one year of her complaint." Id. at 13 n.7.

Rusow amended her complaint, but she did not add the allegations that the Court required. Instead she re-asserted that "due to the surreptitious nature of the interceptions," "it was impossible for her to discern the causal link between those ads and Defendant's unlawful disclosures." SAC (dkt. 45) ¶¶ 8, 9. She further alleged that she "could not have know[n], and had no reasonable way to know, that the ads she received were a direct consequence of Defendant's secret interception and dissemination of her PII and PHI until consulting with undersigned counsel in November 2024." Id. ¶ 9. SkinSpirit argues that these allegations are not adequate, again moving to dismiss in part. See MTD SAC (dkt. 48) at 5–7[2]; Reply (dkt. 52) at 2–7; but see Opp'n (dkt. 49) at 3–5. The Court agrees, GRANTING the motion to dismiss and VACATING the hearing currently set for February 20, 2026. See Civil Local Rule 7-1(b).

The allegations that Rusow points to in support of the delayed discovery rule are no better than the ones the Court rejected in the last complaint. While Rusow clearly disagrees with the legal analysis in the previous order, see Opp'n at 3 (calling the question of "when she began seeing ads" a "red herring"), she never moved for reconsideration of that order. And she does not make any arguments now, either as to facts or law, that

---

[1] The Court added that Rusow's allegation that "she did not realize that Defendants disclosed her PII and PHI to LinkedIn and Google until November 2024' cannot suffice unless she specifies when she began seeing ads, for she is charged with inquiry notice at that point." Id. at 13.

[2] See id. at 2 n.1 (SkinSpirit does not move to dismiss invasion of privacy claim).

2

warrant reconsideration.  See Civil Local Rule 7-9(b).  Instead she relies primarily on Gaige v. Exer Holding Co., No. 24-cv-6099-AH-(AJRx), 2025 WL 559719 (C.D. Cal. Mar. 2, 2025), a case that the Court considered in its earlier order, see Order on MTD at 13 n.7, when it held that Saedi was more applicable, see id. at 13.[3]  The Court therefore does not reconsider its earlier order, and continues to hold that Rusow may not receive the benefit of the delayed discovery rule.  The Court therefore DISMISSES the CIPA section 631 claim as untimely.  The Court concludes that amendment would be futile, and so dismissal is with prejudice.  See Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).

When she amended her complaint, Rusow also added a new claim pursuant to a different section of CIPA: California Penal Code section 632.  See SAC ¶¶ 150–60.  The Court's previous order did not allow Rusow to add new claims.  See Order on MTD at 27 (allowing curative amendments to the claims dismissed without prejudice).  Nor did Rusow seek leave to add new claims.  "'[W]here a prior court order granted limited leave to amend, [d]istrict [c]ourts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend.'"  Nacarino v. Chobani, LLC, 668 F. Supp. 3d 881, 901 (N.D. Cal. 2022) (quoting Jameson Beach Prop. Owners Ass'n v. United States, No. 2:13-cv-1025-MCE-AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014)).  For this reason, and because any CIPA section 632 claim would also be untimely, the Court DISMISSES the CIPA section 632 claim.  Dismissal is again with prejudice.

The Court does not reach the parties' additional arguments as to other possible bases for dismissal.  Because SkinSpirit does not move to dismiss Rusow's invasion of

---

[3] The Court further rejects Rusow's new argument that "the advertisements she saw did not alert her that any of her private information was unlawfully disclosed," see Opp'n at 3, as it runs counter to Rusow's actual allegations, see, e.g., SAC ¶ 7 (ads concerned "various cosmetic medical procedures, specifically targeted at Plaintiff"), ¶ 96 ("harassing targeted advertising").  If the ads that Rusow received reflected private information that she disclosed to SkinSpirit, then it is not plausible that such ads did not alert her to a potential injury.

1  privacy claim, see MTD SAC at 2 n.1, that claim remains in the case.
2  **IT IS SO ORDERED.**
3  Dated: February  18 , 2026



CHARLES R. BREYER
United States District Judge