1  Scott Humphreys (SBN 298021)
   humphreyss@ballardspahr.com
2  Brianna R. Howard (SBN 314642)
   howardbr@ballardspahr.com
3  BALLARD SPAHR LLP
   2029 Century Park East, Suite 1400
4  Los Angeles, CA 90067-2915
   Telephone: 424.204.4400
5  Facsimile: 424.204.4350

6  J. Matthew Thornton (*pro hac vice*)
   thorntonj@ballardspahr.com
7  2000 IDS Center, 80 South 8th Street
   Minneapolis, MN 55402-2110
8  Telephone: 612.371.6207

9  Gregory P. Szewczyk (*pro hac vice*)
   szewczykg@ballardspahr.com
10 Alexia C. Chapman (*pro hac vice*)
   chapmana@ballardspahr.com
11 1800 Larimer Street, Suite 1600
   Denver, CO 80202-5596
12 Telephone: 303.292.2400

13 *Attorneys for Defendant*
   *SkinSpirit Essential LLC*

14

15            **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA**

17

18 KOURTNEY RUSOW, individually and on        Case No. 3:24-cv-09317-CRB
   behalf of all others similarly situated,
19                                            **DEFENDANT SKINSPIRIT ESSENTIAL**
                            Plaintiff,        **LLC'S ANSWER AND AFFIRMATIVE**
20                                            **DEFENSES TO PLAINTIFF'S SECOND**
         v.                                   **AMENDED COMPLAINT**
21
   SKINSPIRIT ESSENTIAL LLC,
22
                            Defendant.
23

24

25

26

27

28

---

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

In accordance with Federal Rule of Civil Procedure 8(b)–(c), Defendant SkinSpirit Essential LLC ("SkinSpirit") submits its answer and affirmative defenses to Plaintiff Kourtney Rusow's Second Amended Complaint ("SAC").

Unless expressly admitted below, SkinSpirit denies the allegations in the SAC and denies that Plaintiff or the putative Class (as defined in the SAC) is entitled to any judgment or other relief whether or not expressly requested.

SkinSpirit further denies that this case is suitable for class certification, including because the putative Class does not meet the requirements of Federal Rule of Civil Procedure 23. Plaintiff is not an adequate representative of any purported Class; her claims are not typical; common questions of law or fact affecting the individual members of the putative Class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.[1]

## NATURE OF THE ACTION

1.    Paragraph 1 contains allegations that do not relate to SkinSpirit, and therefore no response is required.  However, to the extent a response is deemed required, SkinSpirit admits only that Plaintiff filed a complaint on behalf of herself and a putative class of individuals who allegedly visited the Website to schedule a consultation for services. SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies them.

2.    SkinSpirit admits only that it operates "the premier destination for medical aesthetics and skincare" providing an array of services and treatments to its patients, including various injectables, laser treatments, body contouring, and laser hair removal, that it has locations across more than a dozen states, and that it has an expert staff of medical professionals and providers. SkinSpirit denies the remaining allegations in Paragraph 2 as stated.

3.    SkinSpirit admits only that it offers cosmetic procedures. The remaining allegations

---

[1] The footnotes in the SAC are not factual allegations to which SkinSpirit is required to respond. However, to the extent a response is required, SkinSpirit denies the characterization of any footnote that is not supported by the material referenced therein and otherwise denies the accuracy or credibility of any source cited in the footnotes, which SkinSpirit lacks sufficient information to verify at this time.

in Paragraph 3 state legal conclusions or do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.     Paragraph 4 states legal conclusions to which no response is required. However, to the extent a response is deemed required, SkinSpirit denies that it ever aided, employed, agreed, or conspired with LinkedIn or Google to intercept sensitive and confidential communications sent and received by Plaintiff and Class Members, including communications containing protected medical information, or violated any state or federal laws. SkinSpirit further denies that Plaintiff is entitled to seek anything more than equitable remedies for her only remaining claim.

## PARTIES

5.     Paragraph 5 contains allegations that do not relate to SkinSpirit and therefore no response is required.  However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

6.     Paragraph 6 contains allegations that do not relate to SkinSpirit and therefore no response is required.  However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.     SkinSpirit admits that: (1) Plaintiff booked appointments through the Website, including on May 12, 2023, and received services from SkinSpirit; and (2) when Plaintiff booked an appointment using the Website, she inputted a state, procedure(s), a provider, and a date and time. SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 7 concerning the device or browser Plaintiff used to visit the Website or her subjective intent for booking a consultation and therefore denies them. The remaining allegations in Paragraph 7 are either legal conclusions or do not relate to SkinSpirit and therefore it denies them. However, to the extent a response is deemed required, SkinSpirit denies the allegations in Paragraph 7 except to the extent admitted above.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

8.      Denied.

9.      Paragraph 9 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations in Paragraph 9.

10.     Paragraph 10 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations in Paragraph 10.

11.     Paragraph 11 states a legal conclusion to which no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations contained in Paragraph 11.

12.     SkinSpirit admits that: (1) it is a Washington limited liability company with its principal place of business in Palo Alto, California; (2) it owns and operates a national network of clinics specializing in a variety of cosmetic procedures, including in California; and (3) it owns and operates the Website, on which users can schedule virtual and in-person consultations for Defendant's services, including at clinics in California. SkinSpirit denies the remaining allegations in Paragraph 12 as stated.

## JURISDICTION AND VENUE

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is deemed required, SkinSpirit admits that jurisdiction is proper in this Court under CAFA.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is deemed required, SkinSpirit admits only that SkinSpirit does business in California and the Court has personal jurisdiction. SkinSpirit denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is deemed required, SkinSpirit admits only that venue is proper in this Court.

///

///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## FACTUAL ALLEGATIONS

**A.     Background of the California Information Privacy Act**

16.     Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

17.     Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

18.     Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

19.     Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.  However, to the extent a response is required, SkinSpirit denies that Plaintiff is entitled to the requested relief set forth in Paragraph 19.

**B.     Background of the California Consumer Privacy Act**

20.     Paragraph 20 states a legal conclusion to which no response is required.

21.     Paragraph 21 states a legal conclusion to which no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required.

23.     SkinSpirit admits only that California passed the California Privacy Rights Act in 2020. The remainder of Paragraph 23 states a legal conclusion to which no response is required.

24.     Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 24.

25.     Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 concerning what Plaintiff and putative class members were purportedly "wholly unaware of" and therefore denies them. SkinSpirit denies the

remaining allegations in Paragraph 25.

### C.    LinkedIn's Platform and its Business Tools

26.    Paragraph 26 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

27.    Paragraph 27 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

28.    Paragraph 28 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

29.    Paragraph 29 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

30.    Paragraph 30 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

31.    Paragraph 31 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

32.    Paragraph 32 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

33.    Paragraph 33 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

34.    Paragraph 34 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

35.     Paragraph 35 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36.     Paragraph 36 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37.     Paragraph 37 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

38.     Paragraph 38 contains allegations that do not relate to SkinSpirit or refer to documents that speak for themselves and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

39.     SkinSpirit admits only that: (1) depending on how an individual configures their LinkedIn profile, the profile can (but does not always) reflect the individual's name, place of work, contact information, and other personal details; and (2) SkinSpirit installed LinkedIn Insight Tag on its Website. The remaining allegations in Paragraph 39 do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations about what LinkedIn is purportedly able to do with any given information and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take

8

out of context the source(s) cited in the footnote(s).

40.     Paragraph 40 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 40.

41.     Paragraph 41 refers to a document which speaks for itself and contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

42.     Paragraph 42 refers to a document which speaks for itself and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

43.     Paragraph 43 refers to a document which speaks for itself and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

44.     Paragraph 44 refers to a document which speaks for itself and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

45.     Paragraph 45 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 45.

**D.     Google's Advertising Technology**

46.     Paragraph 46 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit admits only

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

that that, generally speaking, web browsers allow users to navigate the internet and view and exchange electronic information and communications and that users can use devices (such as a computer, tablet, laptop, or smartphone) to access web content through a web browser (e.g. Chrome, Safari, Edge, etc.). SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies them.

47.     Paragraph 47 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.     Paragraph 48 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 48 and therefore denies them.

49.     Paragraph 49 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 49 and therefore denies them.

50.     Paragraph 50 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 50 and therefore denies them.

51.     SkinSpirit admits only that it uses certain tracking technologies on its Website and that those are part of the Website's code. The remaining allegations in Paragraph 51 do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 51 and therefore denies them.

52.     Paragraph 52 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53.     Paragraph 53 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them. SkinSpirit denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

54.     Paragraph 54 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 54 and therefore denies them. SkinSpirit denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

55.     Paragraph 55 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 55 and therefore denies them. SkinSpirit denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

56.     Paragraph 56 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 56 and therefore denies them.

57.     Paragraph 57 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 57 and therefore denies them.

58.     Paragraph 58 contains allegations that do not relate to SkinSpirit and therefore no

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

11

response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59.     Paragraph 59 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

60.     SkinSpirit admits only that it has used Google Analytics, a piece of code, on its Website. SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the remaining allegations in Paragraph 60 and therefore denies them.

61.     SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 61 and therefore denies them.

62.     Paragraph 62 contains legal conclusions and therefore no response is required. However, to the extent a response is required, SkinSpirit denies the allegations in Paragraph 62.

63.     SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 63 and therefore denies them.

64.     Paragraph 64 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65.     Paragraph 65 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66.     Paragraph 66 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

12

66 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

67.     SkinSpirit admits only that the Website uses some of Google's tracking technologies. SkinSpirit denies that its use of those technologies resulted in the disclosure of any information in a manner prohibited by law. SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the remaining allegations in Paragraph 67 and therefore denies them.

68.     SkinSpirit admits only that the Website uses some of Google's tracking technologies. SkinSpirit denies that its use of those technologies resulted in the disclosure of any information in a manner prohibited by law. SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the remaining allegations in Paragraph 68 and therefore denies them.

69.     SkinSpirit admits only that the Website uses some of Google's tracking technologies. SkinSpirit denies that its use of those technologies resulted in the disclosure of any information in a manner prohibited by law. The remaining allegations in Paragraph 69 do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the remaining allegations in Paragraph 69 and therefore denies them.

70.     Paragraph 70 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 70 and therefore denies them.

71.     Paragraph 71 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 71 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

72.     Paragraph 72 contains allegations that do not relate to SkinSpirit and therefore no

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

13

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 72 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

73.    Paragraph 73 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 73 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

74.    Paragraph 74 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 74 and therefore denies them.

75.    Denied.

76.    Paragraph 76 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 76 and therefore denies them.

77.    Paragraph 77 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 77 and therefore denies them. contains allegations that do not relate to SkinSpirit, and therefore no response is required.

**E.    Defendant Disclosed Plaintiff's and Class Members' Protected Health Information**

78.    Paragraph 78 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

Paragraph 78 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

79.    Paragraph 79 states a legal conclusion to which no response is required. However, to the extent a response is required, SkinSpirit admits only that it offers Botox treatments, which, according to the source cited in Paragraph 79, requires a certification in California. SkinSpirit denies the remaining allegations in Paragraph 79 as stated.

80.    SkinSpirit admits only that anyone can access the Website to book consultations for SkinSpirit's services and that users can also choose to book in person or via phone. SkinSpirit denies the remaining allegations in Paragraph 80 as stated.

81.    SkinSpirit admits only that Website users must create an account on the Website in order to book a consultation using the Website. SkinSpirit denies the remaining allegations in Paragraph 81 as stated.

82.    SkinSpirit admits that its Website has a "Book Now" feature and that it enables a user to select a state in which to book a consultation. SkinSpirit denies the remaining allegations in Paragraph 82 as stated.

83.    Paragraph 83 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 83 and therefore denies them.

84.    SkinSpirit admits only that it installed LinkedIn Insight Tag on the Website. SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the remaining allegations in Paragraph 84 and therefore denies them.

85.    Denied.

86.    Paragraph 86 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 86 and therefore denies them.

87.    Paragraph 87 contains allegations that do not relate to SkinSpirit and therefore no

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

15

response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 87 and therefore denies them.

88.     Paragraph 88 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth or technical accuracy of the allegations in Paragraph 88 and therefore denies them.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies them.

96.     Denied.

97.     Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 97.

**F.      Plaintiff's Private Information has Financial Value**

98.     Paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 98.

99.     Paragraph 99 contains allegations that do not relate to SkinSpirit and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100.    Paragraph 100 contains allegations that do not relate to SkinSpirit and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1   therefore denies them.

2       101.    Paragraph 101 contains allegations that do not relate to SkinSpirit and therefore no

3   response is required. To the extent a response is required, SkinSpirit lacks knowledge or

4   information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and

5   therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote,

6   mischaracterize, or take out of context the source(s) cited in the footnote(s).

7       102.    Paragraph 102 contains allegations that do not relate to SkinSpirit and therefore no

8   response is required. To the extent a response is required, SkinSpirit lacks knowledge or

9   information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and

10  therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote,

11  mischaracterize, or take out of context the source(s) cited in the footnote(s).

12      103.    Paragraph 103 contains allegations that do not relate to SkinSpirit and therefore no

13  response is required. To the extent a response is required, SkinSpirit lacks knowledge or

14  information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and

15  therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote,

16  mischaracterize, or take out of context the source(s) cited in the footnote(s).

17      104.    Paragraph 104 contains allegations that do not relate to SkinSpirit and therefore no

18  response is required. To the extent a response is required, SkinSpirit lacks knowledge or

19  information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and

20  therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote,

21  mischaracterize, or take out of context the source(s) cited in the footnote(s).

22      105.    Paragraph 105 contains allegations that do not relate to SkinSpirit and therefore no

23  response is required. To the extent a response is required, SkinSpirit lacks knowledge or

24  information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and

25  therefore denies them.

26      106.    Paragraph 106 states a legal conclusion to which no response is required. To the

27  extent a response is required, SkinSpirit denies the allegations in Paragraph 106.

28      107.    Paragraph 107 contains allegations that do not relate to SkinSpirit and therefore no

17

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies them.

108.    Paragraph 108 contains allegations that do not relate to SkinSpirit and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies them.

109.    Paragraph 109 contains allegations that do not relate to SkinSpirit and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies them.

110.    Paragraph 110 contains allegations that do not relate to SkinSpirit and refer to a document that speaks for itself and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

111.    Paragraph 111 contains allegations that do not relate to SkinSpirit and refer to a document that speaks for itself and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

112.    Paragraph 112 contains allegations that do not relate to SkinSpirit and refer to a document that speaks for itself and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s)

18

cited in the footnote(s).

113.     Paragraph 113 contains allegations that do not relate to SkinSpirit and refer to a document that speaks for itself and therefore no response is required. To the extent a response is required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies them. SkinSpirit further denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote(s).

114.     Paragraph 114 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies them.

115.     Paragraph 115 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them.

116.     Paragraph 116 contains allegations that do not relate to SkinSpirit as well as legal conclusions and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies them.

117.     Denied.

118.     Denied.

119.     Paragraph 119 contains allegations that do not relate to SkinSpirit and states legal conclusions and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegations contained in Paragraph 119.

**G.     Tolling**

120.     Denied. *See, e.g.*, Court's February 18, 2026 Order (ECF No. 54).

121.     Denied.

122.     Denied. *See, e.g.*, Court's February 18, 2026 Order (ECF No. 54).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

123.     Denied. *See, e.g.*, Court's February 18, 2026 Order (ECF No. 54).

124.     Denied.

125.     Paragraph 125 contains allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies them.

126.     Denied.

127.     Denied. *See, e.g.*, Court's February 18, 2026 Order (ECF No. 54).

128.     Denied. *See, e.g.*, Court's February 18, 2026 Order (ECF No. 54).

## CLASS ACTION ALLEGATIONS

129.     Paragraph 129 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit admits only that Plaintiff brings this lawsuit on behalf of a putative class. SkinSpirit denies the remaining allegations in Paragraph 129.

130.     Paragraph 130 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 130.

131.     Paragraph 131 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 131.

132.     Paragraph 132 states a legal conclusion to which no response is required. To the extent a response is required, SkinSpirit denies the allegations in Paragraph 132.

133.     Paragraph 133 contains legal conclusions and allegations that do not relate to SkinSpirit, and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegation in Paragraph 133.

134.     Paragraph 134 contains legal conclusions and allegations that do not relate to SkinSpirit, and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegation in Paragraph 134.

135.     Paragraph 135 contains legal conclusions and allegations that do not relate to SkinSpirit, and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegation in Paragraph 135.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

136.    Paragraph 136 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegation in Paragraph 136.

137.    Paragraph 137 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required. However, to the extent a response is deemed required, SkinSpirit denies the allegation in Paragraph 137.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>

**Violation of the California Invasion of Privacy Act,**

**Cal. Penal Code § 631**

138.    SkinSpirit incorporates its responses to Paragraphs 1 through 137 as if set forth at length herein.

139.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

140.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

141.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

142.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

143.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

144.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54),

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                Case No. 3:24-cv-09317-CRB

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

145.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

146.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

147.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

148.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

149.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 631(a), has been dismissed with prejudice and therefore no response is required.

## <u>COUNT II</u>

**Violation of the California Invasion of Privacy Act,**

**Cal. Penal Code § 632**

150.    SkinSpirit incorporates its responses to Paragraphs 1 through 149 as if set forth at length herein.

151.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

152.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

153.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

154.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

155.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

156.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

157.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

158.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

159.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

160.    Pursuant to the Court's Order on SkinSpirit's Motion to Dismiss (Dkt. 54), Plaintiff's Count I for Violation of California Information Privacy Act, California Penal Code § 632, has been dismissed with prejudice and therefore no response is required.

## <u>COUNT III</u>

### Invasion of Privacy Under California's Constitution

161.    SkinSpirit incorporates its responses to Paragraphs 1 through 160 as if set forth at length herein.

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

162.    Paragraph 162 contains legal conclusions and allegations that do not relate to SkinSpirit and therefore no response is required.  However, to the extent a response is deemed required, SkinSpirit denies that it violated any legally recognized interest belonging to Plaintiff or Class Members and all other allegations.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    SkinSpirit denies that Plaintiff or Class Members are entitled to any relief.

## PRAYER FOR RELIEF

WHEREFORE:

a)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (a) of the Prayer for Relief;

b)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (b) of the Prayer for Relief;

c)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (c) of the Prayer for Relief;

d)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (d) of the Prayer for Relief;

e)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (e) of the Prayer for Relief;

f)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (f) of the Prayer for Relief;

g)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (g) of the Prayer for Relief;

h)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph (h) of the Prayer for Relief; and

i)    SkinSpirit denies that Plaintiff is entitled to any of the relief requested in Paragraph

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

1    (i) of the Prayer for Relief.

2    ### SKINSPIRIT'S AFFIRMATIVE DEFENSES

3    SkinSpirit has not completed its full investigation of the facts of this case, has not

4    completed discovery in this matter, and has not completed its preparation for trial. The defenses

5    asserted herein are based on SkinSpirit's knowledge, information, and belief at this time. By

6    asserting the defenses herein, SkinSpirit has not knowingly and intentionally waived any

7    applicable defense and hereby expressly reserves the right to assert any additional defenses,

8    crossclaims, and/or third-party claims as may be appropriate at a later time. Without assuming any

9    burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of

10   Plaintiff's claims, SkinSpirit asserts the following separate and additional defenses on information

11   and belief:

12   ### First Affirmative Defense

13   ### (Dismissal Order)

14   The claims and allegations in the SAC are barred or rendered moot, in part, by the Court's

15   order granting in part SkinSpirit's motion to dismiss (ECF Nos. 44, 54).

16   ### Second Affirmative Defense

17   ### (Lack of Legally Protected Privacy Interest)

18   The claims and allegations in the SAC are barred, in whole or in part, because Plaintiff and

19   putative class members do not maintain a legally protected privacy interest over any data allegedly

20   collected.

21   ### Third Affirmative Defense

22   ### (Consent, Express or Implied; Implied License)

23   The claims and allegations in the SAC are barred, in whole or in part, by the doctrines of

24   consent and/or ratification because Plaintiff and putative class members manifested agreement

25   through words and/or conduct to the sharing and/or use of their personal information as alleged in

26   the SAC.

27   ///

28   ///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## Fourth Affirmative Defense

### (Barred by Contract)

The claims and allegations in the SAC are barred, in whole or in part, by contracts and/or agreements entered into with SkinSpirit and/or the third-party developers of the tracking technologies used on the Website.

## Fifth Affirmative Defense

### (No Derivative Liability for Aiding Violation)

The claims and allegations in the SAC are barred, in whole or in part, because SkinSpirit has neither conspired to obtain nor aided any third parties in unlawfully obtaining Plaintiff's information.

## Sixth Affirmative Defense

### (Good Faith)

The claims and allegations in the SAC are barred, in whole or in part, because at all times SkinSpirit acted in good faith and in compliance with any applicable statutes and/or regulations.

## Seventh Affirmative Defense

### (Mistake; Lack of Requisite Knowledge or Intent)

The claims and allegations in the SAC are barred, in whole or in part, because SkinSpirit reasonably relied on facts and if those facts are later proven to be false and/or result from bona fide error, SkinSpirit lacked the knowledge or intent required to be held liable under CIPA.

## Eighth Affirmative Defense

### (Assumption of Risk)

The claims and allegations in the SAC are barred, in whole or in part, by assumption of risk arising from Plaintiff's voluntary use of internet-based services, including SkinSpirit's Website, and/or her knowledge of Internet tracking practices.

## Ninth Affirmative Defense

### (Release)

The claims and allegations in the SAC are barred, in whole or in part, by release, including to the extent Plaintiff impliedly released such claims by continuing to use SkinSpirit's services

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

after learning of the alleged conduct.

### Tenth Affirmative Defense

### (Failure to Mitigate)

The claims and allegations in the SAC are barred, in whole or in part, to the extent discovery reveals that Plaintiff and/or class members failed to mitigate their damages. For example, to the extent Plaintiff and putative class members had notice regarding the information LinkedIn allegedly received about them, including but not limited to through LinkedIn's Terms of Service and Privacy Policy, and/or SkinSpirit's policies and disclosures, yet continued to use LinkedIn's and/or SkinSpirit's services, they are barred, in whole or in part, from recovering damages.

Plaintiff and putative class members are also barred, in whole or in part, from recovering damages based on the alleged disclosure of information that they publicized through other channels, such as social media.

Plaintiff and putative class members are also barred, in whole or in part, from recovering damages to the extent they did not attempt to use settings that would limit the information LinkedIn or Google allegedly associated with their accounts or the data LinkedIn or Google used for advertising purposes, if any.

Plaintiff and putative class members are also barred, in whole or in part, from recovering damages to the extent they failed to read disclosures that would have put them on notice of SkinSpirit's use tracking technologies on its Website or disclosures by third-party developers of tracking technologies indicating that other websites use their tracking technologies.

### Eleventh Affirmative Defense

### (Acts or Omissions of Plaintiff and/or Third Parties)

The claims and allegations in the SAC are barred, in whole or in part, because the Plaintiff's alleged damages, if any, were caused by persons and entities other than SkinSpirit. Such intervening and superseding conduct of others bars and/or diminishes her recovery. Any alleged harm to Plaintiff and putative class members was proximately caused by subsequent and intervening or superseding acts of Plaintiff or the putative class members and/or of third parties.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SkinSpirit did not share individually identifiable information with third parties and therefore any violation of Plaintiff's privacy rights was caused by the actions of third parties, not SkinSpirit.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### Twelfth Affirmative Defense

### (Lack of Proximate Cause)

The claims and allegations in the SAC are barred, in whole or in part, because SkinSpirit's conduct was not the proximate cause of any damage or injury alleged to have been suffered by Plaintiff. For example, to the extent Plaintiff previously visited a med-spa website prior to visiting SkinSpirit's Website and that other website (like most) used any of the tracking technologies SkinSpirit used, Plaintiff's information would have, under Plaintiff's theory, already been in a third party's possession.

### Thirteenth Affirmative Defense

### (Lack of Damages)

The claims and allegations in the SAC are barred, in whole or in part, because Plaintiff and the putative Class have suffered no actual injury or legally cognizable damages and their purported damages, if any, are speculative and/or uncertain and therefore not compensable.

### Fourteenth Affirmative Defense

### (Statute of Limitations)

The claims and allegations in the SAC are barred, in whole or in part, by the statute of limitations under applicable law.

### Fifteenth Affirmative Defense

### (Laches)

The claims and allegations in the SAC are barred, in whole or in part, by the doctrine of laches due to unreasonable delay and resulting prejudice.

### Sixteenth Affirmative Defense

### (Waiver)

The claims and allegations in the SAC are barred, in whole or in part, by waiver based on Plaintiff's prior conduct and knowledge regarding the challenged practices.

///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Seventeenth Affirmative Defense**

**(Equitable Estoppel)**

The claims and allegations in the SAC are barred, in whole or in part, by the doctrine of equitable estoppel.

**Eighteenth Affirmative Defense**

**(Failure to State a Claim)**

The claims and allegations in the SAC are barred, in whole or in part, because Plaintiff lacks evidence sufficient to state a claim upon which relief can be granted.

**Nineteenth Affirmative Defense**

**(Unclean Hands)**

The claims and allegations in the SAC are barred, in whole or in part, by the doctrine of unclean hands.

**Twentieth Affirmative Defense**

**(Unjust Enrichment)**

The claims and allegations in the SAC are barred, in whole or in part, by the doctrine of unjust enrichment. The doctrine of unjust enrichment bars Plaintiff's and putative class members' right to relief to the extent they continued to use SkinSpirit's services (and obtained the benefits of those services) despite having notice regarding the information third parties allegedly received about them from their interactions. The doctrine of unjust enrichment also bars Plaintiff's and putative class members' right to relief to the extent they did not attempt to use settings that would limit the information the third parties purportedly associated with their social media accounts or the data the third party developers used for advertising purposes.

**Twenty-First Affirmative Defense**

**(Legitimate Competing Interests)**

The claims and allegations in the SAC are barred, in whole or in part, because the use of tracking technologies on the Website is justified by legitimate competing interests, including, without limitation, website functionality, cybersecurity and fraud prevention, performance optimization, analytics for service improvement, advertising revenue necessary to provide free

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

services

**Twenty-Second Affirmative Defense**

**(Equitable Relief)**

Plaintiff and Class members cannot establish that legal damages are an inadequate remedy such that they are entitled to equitable relief.

Plaintiff and Class members are not entitled to monetary relief for any alleged common law, statutory, or Constitutional invasion of privacy.

**Twenty-Third Affirmative Defense**

**(No Entitlement to Interest or Fees)**

Plaintiff and Class members are not entitled to their requested amount, or rate, of pre- or post- judgment interest. Nor are they entitled to recover attorneys' fees or other costs and expenses.

**Twenty-Fourth Affirmative Defense**

**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what Plaintiff and Class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. See, e.g., Wakefield v. ViSalus, Inc., 51 F.4th 1109, 1123 (9th Cir. 2022).

///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT          Case No. 3:24-cv-09317-CRB

1

**Twenty-Fifth Affirmative Defense**

2

**(Not Proper for Class Certification)**

3

This case is improper for resolution on a class-wide basis because the putative class does

4

not meet the requirements of Federal Rule of Civil Procedure 23. Specifically, Plaintiff is not an

5

adequate representative of any purported class; her claims are not typical; common questions of

6

law or fact affecting the individual members of the class do not predominate; a class action is

7

neither manageable nor superior; and/or there is no ascertainable class with a community of

8

interest. By way of example only, Plaintiff and Class members cannot show that any information

9

allegedly intercepted or disclosed relates specifically to them. Because more than one individual

10

may have access to a single device or computer, mini-trials would be necessary to determine if the

11

information allegedly collected related to each and every individual actually using the computers

12

and/or computer browsers at issue.

13

If the Court certifies a class in this action, then SkinSpirit asserts the affirmative defenses

14

set forth herein against each and every member of the certified class. Additionally, given the lack

15

of discovery and aggregated nature of Plaintiff's claims, it is not feasible for SkinSpirit to forecast

16

potential affirmative defenses that might apply to any given absent Class Member at this time.

17

SkinSpirit expressly reserves the right to assert additional affirmative defenses as the case

18

progresses.

19

**Twenty-Sixth Affirmative Defense**

20

**(Indispensable Party)**

21

The claims and allegations in the SAC are barred, in whole or in part, because Plaintiff has

22

failed to join necessary and indispensable parties to the action.

23

**Twenty-Seventh Affirmative Defense**

24

**(Preemption)**

25

Plaintiff's and class members' claims are preempted, expressly or impliedly, in whole or in

26

part, by any applicable federal laws and regulations.

27

///

28

///

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    Case No. 3:24-cv-09317-CRB

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Twenty-Eighth Affirmative Defense**

**(No Serious or Highly Offensive Invasion)**

The claims and allegations in the SAC are barred, in whole or in part, because the use of tracking technologies on the Website did not result a serious or highly offensive invasion of privacy.

**Twenty-Ninth Affirmative Defense**

**(Violation of First and Fourteenth Amendments)**

The claims and allegations in the SAC are barred, in whole or in part, by the First and Fourteenth Amendments of the United States Constitution to the extent SkinSpirit's conduct amounts to protected speech.

**Thirtieth Affirmative Defense**

**(Dormant Commerce Clause)**

The claims and allegations in the SAC are barred, in whole or in part, by the Dormant Commerce Clause.

**Thirty-First Affirmative Defense**

**(Authorized Conduct)**

SkinSpirit's conduct is authorized, in whole or in part, by California Business & Professions Code Section 22575 et seq. ("CalOPPA"), and any similar statutes, which SkinSpirit complied with by publishing its privacy policy.

**Thirty-Second Affirmative Defense**

**(Binding Arbitration)**

SkinSpirit reserves and asserts the right to compel arbitration and stay this action pursuant to the governing agreement if discovery reveals Plaintiff or any Class member consented and/or agreed to submit disputes to binding arbitration.

**<u>RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES</u>**

SkinSpirit reserves the right to allege additional defenses as they may become known, or as they evolve during the litigation, and to amend its Answer accordingly.

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT                Case No. 3:24-cv-09317-CRB

## **PRAYER FOR RELIEF**

WHEREFORE, SkinSpirit prays as follows:

1. That the SAC be dismissed with prejudice;

2. That Plaintiff takes nothing by way of the SAC;

3. That Plaintiff's prayer for relief is denied in full;

4. That judgment be entered in favor of SkinSpirit and against Plaintiff;

5. For costs of suit incurred herein, including attorney fees and expenses; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: February 26, 2026              BALLARD SPAHR LLP

*/s/ J. Matthew Thornton*
 Scott Humphreys
 Gregory P. Szewczyk
 J. Matthew Thornton
 Brianna R. Howard
 Alexia C. Chapman
 *Attorneys for Defendant*
 *SkinSpirit Essential LLC*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

SKINSPIRIT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT              Case No. 3:24-cv-09317-CRB